IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

      Plaintiff,                No. CIV S-03-0262 DFL JFM P

    vs.

G. LAVIN, et al.,

      Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is serving a sentence of life in prison without possibility of parole (LWOP), claims that defendants have violated his constitutional right to equal protection by refusing to place him at a Level III institution although other similarly situated inmates serving LWOP sentences have been placed at Level III institution. Plaintiff also raises a pendent state law claim arising out of the same set of allegations. Several matters are pending before the court.

        On September 13, 2004, plaintiff filed a motion to compel defendant Hansen to fully response to interrogatories number 24 and 25 and all defendants to respond to plaintiff's

/////

/////

1

1  first request for production of documents.  Defendants have filed an opposition to the motion,
2  and plaintiff has filed a reply brief.[1]

3        The parties agree that defendant Hansen has filed a supplemental response to
4  interrogatory number 24 and that defendant Hansen's response to that interrogatory is no longer
5  at issue.  By interrogatory number 25, plaintiff asks defendant Hansen to "[l]ist the LWOP
6  inmates 'case factors' on Facility B and C without jeopardizing safety and security (no names
7  needed)."  (Defendants' Opposition to Plaintiff's Motion to Compel Discovery, filed January 19,
8  2005, at 3.)  Defendants objected to the interrogatory on the ground that "it seeks information
9  that is confidential, the release of which could threaten the safety and security of the institution."
10 (Id.)

11       In their opposition to the motion, defendants contend that plaintiff's assertion that
12 he is willing to forego names of the inmates is belied by the fact that one of his document
13 production requests is for a list of names and locations of all LWOP inmates.  Defendants also
14 contend that plaintiff has not adequately defined the term "case factors," nor limited it in anyway,
15 and that "case factors" as defined by defendant Hansen are all factors used in the classification
16 process and therefore would require disclosure of virtually all information known about LWOP
17 inmates at Mule Creek.  Defendants contend that production of the requested information would
18 also violate state regulations that prohibit inmates from accessing case records or case files of
19 other inmates.

20       Defendants' objections are all well-taken.  Accordingly, no further response to
21 interrogatory number 25 will be required.

22       Plaintiff also seeks to compel responses to his first request for production of
23 documents.  Defendants objected to requests 1 through 4 on confidentiality grounds, to requests 5

---

[1] On February 4, 2005, plaintiff filed a motion for extension of time to file a reply brief in support of the motion together with a reply brief.  Good cause appearing, the motion for extension of time will be granted and plaintiff's reply brief deemed timely filed.

through 8 based on the form of the request, and request 9 based on both form and relevancy. Plaintiff has withdrawn his request to compel further responses to requests 3 and 4. (Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel Discovery, filed February 4, 2005, at 6.)

By request number 1 plaintiff seeks a list of prisoners serving LWOP sentences in the California prison system. Defendants object to the request on the ground that it is overbroad, seeks confidential information that could jeopardize the safety and security of the prisons, and seeks information contained in inmate case records that, pursuant to state regulation, may not be disclosed to other inmates.

By request number 2 plaintiff seeks the Departmental Review Board (DRB) referral log from July 1993 through 2004 for each inmate recommended for Level III placement and approved or disapproved by the DRB, including specified information about each inmate in the log. Defendants objected to the request on the same grounds as the objection to request number 1.

Defendants' objections to these two requests are well-taken and no further response will be required.

Defendants objected to requests five through eight on the grounds that they were not requests for production of documents but appeared to be interrogatories. (See Defendants' Opposition, at 8-9.) Defendants' objections are well-taken and no further response to these requests will be required.

Finally, plaintiff seeks production of documents responsive to Request No. 9, which provides in relevant part:

> Provide the job description on Defendants Lavin, Alameida, Hansen, Knowles, Grannis and Enriquez that was effective between January 12, 1996, when plaintiff submitted his first CDC-602 Inmate Appeal for DRB consideration for Level-III placement, Log Number SAC-B-96-00105, to current time period. If job position changed, provide additional information.

(Defendants' Opposition, at 10.) Defendants objected to the request on the grounds that it "is compound and not reasonably calculated to lead to admissible evidence." (<u>Id</u>.) Defendants' objection is well-taken and no further response to this request will be required.

For all of the foregoing reasons, plaintiff's September 13, 2004 motion to compel will be denied.

On October 4, 2004, plaintiff filed a request for leave to serve a second set of interrogatories on defendants. By order filed November 10, 2004, defendants were granted ten days to show why the request should not be granted. Defendants did not file a response to the November 10, 2004 order. Instead, on February 2, 2005, defendants Alameida and Lavin filed a request for an extension of time to serve responses to plaintiff's second set of interrogatories.[2] Plaintiff's October 4, 2004 unopposed request will be granted nunc pro tunc to November 24, 2004, the date on which a response to the court's November 10, 2004 order was due.

On January 24, 2005, plaintiff filed a second motion to compel discovery responses. To the extent that motion seeks to compel responses to the discovery at issue in plaintiff's September 13, 2004 motion it will be denied for the reasons set forth in this order. To the extent that plaintiff seeks to compel responses to his second set of interrogatories, the motion will also be denied. At least two defendants sought and received an extension of time until March 6, 2005 to respond to plaintiff's second set of interrogatories, <u>see</u> Order filed February 8, 2005, and plaintiff has not made a sufficient showing that the remaining defendants failed to timely respond to the interrogatories.[3] For these reasons, plaintiff's January 24, 2005 motion to compel will be denied.

---

[2] Defendants' request was granted by order filed February 8, 2005.

[3] In their request for extension of time, defendants represented that their responses were due on February 4, 2005. Because defendants elected to respond to plaintiff's second set of interrogatories rather than opposing plaintiff's request to propound them, the date on which responses to that set of interrogatories was due is not clear in this record. It appears, however, that plaintiff's motion to compel responses to that set of interrogatories was prematurely filed.

4

On February 15, 2005, plaintiff filed a request for extension of time to serve requests for admissions on defendants Alameida, Knowles, Enriquez, and Hansen, together with a proposed set of requests. Defendants oppose the request on the ground that plaintiff's request is made after expiration of the time for conducting discovery has closed and he has shown no reason for the delay in serving these discovery requests, and on the ground that most of the requests are objectionable. Plaintiff contends that he did not begin preparing the requests for admission until he received defendants' responses to other discovery requests.

The court has already once extended the deadline for completion of discovery in this action. (See Scheduling Order, filed April 19, 2004; Revised Scheduling Order, filed November 10, 2004.) In accordance with the revised scheduling order, discovery requests were required to be served sixty days prior to February 18, 2005. (Id. at 5.) Plaintiff's February 15, 2005 request for an extension of time to serve requests for admissions was filed well after expiration of the second deadline set in this action for service of discovery requests. The request is untimely and will be denied.

Finally, on March 8, 2005, defendants filed a request for extension of time to file a motion for summary judgment due to the pendency before the district court of their motion for judgment on the pleadings. Good cause appearing, defendants' request will be granted. Defendants will be granted thirty days from the date of this order to file and serve a motion for summary judgment. The parties are referred to this court's order filed May 23, 2003 with respect to the requirements for briefing such a motion.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 13, 2004 motion to compel is denied;

2. Plaintiff's October 4, 2004 request to serve a second set of interrogatories is granted nunc pro tunc to November 24, 2004;

3. Plaintiff's January 24, 2005 motion to compel is denied;

/////

5

4.  Plaintiff's February 15, 2005 request for an extension of time to serve requests for admissions is denied;

5.  Defendants' March 8, 2005 request for an extension of time to file a motion for summary judgment is granted; and

6.  Defendants are granted thirty days from the date of this order to file and serve a motion for summary judgment.  This court does not intend to extend this date further.

DATED:  April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
dixo0262.mtc