IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEVE DIXON,

    Plaintiff,                             No. CIV S-03-0262 DFL JFM P

    vs.

G. LAVIN, et al.,

    Defendants.                       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, who is serving a sentence of life in prison without possibility of parole (LWOP), claims by the two claims remaining in this action, that defendants violated his federal constitutional right to equal protection as well as applicable state rules and regulations by refusing to place plaintiff at a Level III prison facility.[1]  This matter is before the court on defendants' May 25, 2005 motion for summary judgment pursuant to Fed. R. Civ. P. 56.

/////

/////

---

[1] Plaintiff also raised an Eighth Amendment claim in this action.  By order filed March 21, 2005, defendants' motion for judgment on the pleadings was granted as to that claim.

1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

   In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

   In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

/////

On May 23, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

PLAINTIFF'S CLAIMS

By the sole federal claim remaining in this action,[2] plaintiff contends that his constitutional right to equal protection was violated by an August 10, 2000 decision of the California Department of Corrections Departmental Review Board (DRB), whose members included defendants Lavin and Alameida, denying plaintiff placement at a Level III prison facility. Plaintiff also contends that defendants Hansen, Knowles, Enriquez and Grannis violated his right to equal protection through their roles in investigating and rejecting an administrative grievance filed by plaintiff in September 2002 after an August 7, 2002 decision by a Unit Classification Committee (UCC) at Mule Creek State Prison to deny plaintiff's request for another referral to the DRB for consideration of Level III placement. Plaintiff also has a pendent state law claim alleging violations of applicable state rules and regulations in connection with the denial of his request for Level III placement.

ANALYSIS

I. Statute of Limitations

Defendants G. Lavin and E. Alameida, Jr. contend that plaintiff's equal protection claim against them is barred by the statute of limitations. California law determines the applicable statute of limitations in this § 1983 action. See Wilson v. Garcia, 471 U.S. 261 (1985). The applicable state limitations period is one year. See Cal. Code Civ. Proc. § 340(3);

/////

/////

---

[2] By order filed March 21, 2005, defendants' motion for judgment on the pleadings was granted as to plaintiff's Eighth Amendment claim of deliberate indifference to his safety.

4

see also Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994).[3]  Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Id. (citations omitted).

As noted above, plaintiff's equal protection claim against defendants Lavin and Alameida arose from a DRB decision dated August 10, 2000, denying him placement in a Level III prison. (Complaint, filed February 11, 2003, at 6.)  Plaintiff contends that he is entitled to equitable tolling of the limitation period from August 24, 2000 until September 18, 2002, a period during which he was challenging the DRB decision through a series of state court habeas corpus petitions.  Defendants acknowledge that under California law earlier suits can support tolling of the limitation period.  (See Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, filed July 29, 2005, at 2, citing Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002), in turn citing Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc)).  Defendants contend, however, that the tolling doctrine is inapplicable here because plaintiff's state actions preceded the DRB decision challenged herein.  While defendants are mistaken in their assertion that plaintiff is relying on state court litigation that preceded the DRB decision at issue, the evidence of record nonetheless supports their position.

> Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Daviton, 241 F.3d at 1137-38 (citing Collier v. City of Pasadena, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983)).

---

[3] In California, the limitation period is tolled for two years for prison inmates serving a prison sentence "less than life." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing § 352.1 of the California Civil Procedure Code). As noted above, plaintiff is serving a sentence of life in prison without possibility of parole. He is therefore not entitled to statutory tolling under § 352.1. See id.

1  Azer, 306 F.3d at 936.  The notice requirement "[g]enerally . . . means that the defendant in the
2  first suit is the same one being sued in the second."  Collier, 142 Cal.App.3d at 924.
3          The record reflects that on August 24, 2000, plaintiff filed in the Sacramento
4  County Superior Court a document that he styled a motion for contempt of court challenging the
5  August 10, 2000 DRB decision.  (Plaintiff's Declaration in Support of Opposition to Defendants'
6  Motion for Summary Judgment, appended to Plaintiff's Statement of Undisputed Facts and
7  Statement of Disputed Facts, filed July 15, 2005, (hereafter Plaintiff's Declaration), at 1-2.)  The
8  motion apparently included an equal protection claim.  (See Ex. A to Plaintiff's Declaration, at
9  2.)  That motion was subsequently construed by the superior court as a habeas corpus petition.
10 (Ex. A to Plaintiff's Declaration, at 5.)  Although the specific identity of the respondents in that
11 action is not clear on the record before this court, it is evident that state officials received notice
12 of that action.  (Id.)
13         The superior court denied the petition on December 3, 2001, and, on December
14 21, 2001, the superior court denied a motion for reconsideration of the December 3, 2001 order.
15 (Ex. A to Plaintiff's Declaration, at 5, 8.)  Thereafter, plaintiff proceeded to the California Court
16 of Appeals and the California Supreme Court with petitions for writs of habeas corpus.
17 (Plaintiff's Declaration, at 2-3; Ex. B to Plaintiff's Declaration.)  The petition filed in the
18 California Supreme Court was denied on September 18, 2002, concluding plaintiff's state court
19 challenge to the August 10, 2000 decision.  (Id.)
20         The California Constitution provides for original jurisdiction over habeas corpus
21 petitions at each level of the state court system.  See Gaston v. Palmer, 417 F.3d 1030, 1036 (9th
22 Cir. 2005).  For purposes of equitable tolling analysis, therefore, this court finds that each
23 petition filed by petition was a separate action.[4]

---

[4] It appears from the California Supreme Court's order denying the petition that petitioner filed an original petition for writ of habeas corpus in that Court, rather than a petition for hearing following the Court of Appeals' denial of the petition filed in the latter court.  Cf. Gaston, at 1036.

1    There is no evidence that any state official received notice of the petition filed in
2 the California Court of Appeal.  On September 12, 2002, plaintiff filed an inmate grievance at
3 Mule Creek State Prison challenging the August 7, 2002 UCC denial of his request for another
4 DRB referral.  (Attachments to Complaint, at 1.)  On November 6, 2002, after the grievance was
5 rejected at the second level of administrative review, in his request for third level review of that
6 grievance plaintiff made a passing reference to the California Supreme Court petition, indicating
7 that during the second level review process he had informed defendant Hansen that the petition
8 had been denied on September 18, 2002.  (Attachments to Complaint, at 2-3.)  However, there is
9 no evidence that either defendant Lavin or defendant Alameida ever received notice of the
10 California Supreme Court petition.

11    Even if the court views the evidence of record in the light most favorable to
12 plaintiff, his equal protection claim against defendants Lavin and Alameida is time-barred.  The
13 claim accrued on August 10, 2000, when the DRB denied the request to place plaintiff at a Level
14 III facility. Fourteen days later, plaintiff filed in the state superior court an action challenging that
15 decision.  Assuming arguendo that plaintiff was entitled to equitable tolling during the pendency
16 of the superior court proceedings, those proceedings concluded on December 21, 2001.  The
17 evidence suggests that the earliest time at which any state official had notice of the California
18 Supreme Court petition was on or after September 13, 2002, during the second level review of
19 his administrative appeal from the Mule Creek UCC decision.  Plaintiff is not entitled to
20 equitable tolling between December 21, 2001 and at least September 13, 2002, as there is no
21 evidence that either defendant Lavin or defendant Alameida, or any other state official, had
22 notice of plaintiff's state court of appeal or state supreme court actions until that date.

23    Fourteen days of the one year limitation period ran between August 10, 2000 and
24 August 24, 2000.  An additional 266 days of the limitation period ran from December 21, 2001
25 until September 13, 2002.  Even assuming arguendo that defendant Hansen received notice of the
26 state supreme court petition on September 13, 2002, and that such notice was sufficient to

equitably toll the statute of limitations on plaintiff's claims against defendants Lavin and Alameida, any additional period of equitable tolling ended on September 18, 2002, when the California Supreme Court denied the petition. At that point, at least 280 days had run on the limitation period and only 85 days remained. At the latest, the limitation period for bringing plaintiff's equal protection claim against defendants Lavin and Alameida expired on or about December 12, 2002. Plaintiff did not file the instant action until February 6, 2003,[5] almost two months later.

For the foregoing reasons, this court finds that plaintiff's equal protection claim against defendants Lavin and Alameida is time-barred. The court will therefore recommend summary judgment for defendants Lavin and Alameida on that basis.

II. Equal Protection Claim Against Defendants Hansen, Knowles, Enriquez and Grannis

Plaintiff also claims that defendants Hansen, Knowles, Enriquez and Grannis violated his right to equal protection by ratifying, through the administrative review process, the August 7, 2002 decision made by a classification committee at Mule Creek State Prison denying plaintiff's request for another referral to the DRB for consideration of Level III placement review.

As a general rule, a prison inmate has no right to be assigned to any particular institution. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Nor does an inmate have a right to any particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Where, as here, no suspect class is involved, plaintiff can prevail on his equal protection claim only on a showing that he has been subjected to discrimination that is "'patently arbitrary and bears no rational relationship to a legitimate governmental interest.'" Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987).

/////

---

[5] The court treats the complaint in this action filed on the date it was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988).

The following facts relevant to this claim are undisputed. On May 7, 1999, the DRB denied plaintiff's first request for Level III placement. (Attachment to Complaint, at 7.) On July 17, 2000, a judge of the Sacramento Superior Court ordered prison officials to "re-evaluate the 5-7-99 DRB action . . . by providing [plaintiff] with a new DRB review." (Id.) On August 2, 2000, staff at California State Prison-Sacramento "completed a new DRB referral." (Id.) On August 10, 2000, the DRB. including defendants Lavin and Alameida, denied the request for placement at a Level III facility. (Id.) That decision was based primarily "on recent escapes and attempted escapes from CDC over the last several years, which involved life term inmates . . . and have caused the DRB to be extremely cautious when considering their placements in less than a Level IV institution." (Id. at 7.) The DRB noted that it did "take into consideration inmate with special mental health or medical needs when the placement of an inmate sentenced for LWOP requires an institutional setting other than a Level IV," but noted that plaintiff had no such needs. (Id. at 7-8.)

The UCC classification committee denied plaintiff's request for another referral to the DRB based on his LWOP status and "several recent DRB decisions." At the second level of administrative review, investigated by defendant Hansen, defendant Knowles denied plaintiff's inmate appeal from the UCC decision on the grounds that the DRB's August 10, 2000 decision was "CDC's final decision regarding this issue" and there had been no "major change" in plaintiff's case factors. (Id. at 10.) At the third and final level of review, investigated by defendant Enriquez and denied over defendant Grannis' signature, plaintiff's appeal was denied for similar reasons. (Id. at 11.) After review of the record herein, this court finds that the actions of defendant Hansen, Knowles, Enriquez and Grannis challenged herein were neither "patently arbitrary" nor irrational. For that reason, plaintiff's equal protection claim should be denied as to these defendants.

/////

/////

III. <u>Pendent State Law Claim</u>

  Defendants contend that the district court should decline to exercise supplemental jurisdiction over plaintiff's pendent state law claim if the court finds that they are entitled to judgment on the remaining federal claim. Defendants are correct, and the court will so recommend. <u>See</u> 28 U.S.C. § 1367(c)(3).

  For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

  1. Defendants' May 25, 2005 motion for summary judgment be granted as to plaintiff's equal protection claim; and

  2. The district court declines to exercise supplemental jurisdiction over plaintiff's pendent state law claim.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2006.

             /s/ UNITED STATES MAGISTRATE JUDGE

12
dixo0262.msj